The Honorable Charles L. Ormond State Representative 1500 View Street Morrilton, AR 72110-3725
Dear Representative Ormond:
You have requested recertification of a popular name and ballot title initially submitted to this Office by you on September 12, 2005. This office substituted a ballot title and certified your original submission on September 26, 2005, as evidenced by Opinion No. 2005-219. On October 10, 2005, we received your request for recertification due to a change you have made in the text of Section 5, Item 2 of the proposed measure. You have now submitted a proposed popular name and ballot title identical to the ones I certified in Opinion 2005-219, and have submitted your amended text in connection with this request for certification. This recertification is issued solely to certify a ballot title and popular name for the amended text of your measure. Neither certification nor rejection of a popular name and ballot title reflects our view of the merits of the proposal because this Office has been given no authority to consider the merits of any measure.
The popular name and ballot title initially certified by this Office are identical to the ones you now propose and are as follows:
 Popular Name THE ARKANSAS COMMISSION ON LOTTERIES AND WAGERING AMENDMENT Ballot Title AN AMENDMENT TO THE ARKANSAS CONSTITUTION CREATING THE ARKANSAS COMMISSION ON LOTTERIES AND WAGERING AND INVESTING IT WITH POWER TO LICENSE AND REGULATE CHARITABLE BINGO, CONDUCT AND REGULATE WAGERING GAMES, AND REQUIRING IT TO OPERATE AND REGULATE ONE OR MORE STATEWIDE LOTTERY GAMES; DEPRIVING THE GENERAL ASSEMBLY OF ANY POWER TO REGULATE OR REVIEW THE COMMISSION; RENDERING INAPPLICABLE TO THE COMMISSION ANY STATE LAW REGULATING A STATE AGENCY; PROVIDING FOR THE APPOINTMENT BY THE GOVERNOR OF FOUR (4) INITIAL COMMISSIONERS, ONE FROM EACH CONGRESSIONAL DISTRICT, AND THE APPOINTMENT OF ONE ADDITIONAL INITIAL COMMISSIONER, WHO SHALL BE MR. CHARLES ORMOND OF MORRILTON, ARKANSAS, WHO SHALL SERVE AS DIRECTOR; AUTHORIZING THE GOVERNOR TO ARRANGE STAGGERED TERMS OF TWO, FOUR, SIX AND EIGHT YEARS FOR THE FOUR INITIAL COMMISSIONERS AND SETTING THE TERM OF MR. CHARLES ORMOND FROM JANUARY 1, 2007 UNTIL DECEMBER 31, 2016; PROVIDING, UPON THE EXPIRATION OF THE INITIAL COMMISSIONERS' TERMS, FOR THE STAGGERED POPULAR, NONPARTISAN, PLURALITY ELECTION OF FOUR FUTURE COMMISSIONERS ONE FROM EACH CONGRESSIONAL DISTRICT FOR ONE EIGHT YEAR TERM EACH, AND THE APPOINTMENT, BY THE FOUR ELECTED COMMISSIONERS, OF A FIFTH COMMISSIONER TO SERVE AS DIRECTOR; AUTHORIZING THE DIRECTOR TO VOTE IN CASE OF A TIE AND LIMITING HIS SERVICE TO NO MORE THAN TEN YEARS; SETTING THE QUALIFICATIONS OF COMMISSIONERS AND PROVIDING FOR THE FILLING OF TEMPORARY VACANCIES BY THE REMAINING COMMISSION MEMBERS; AUTHORIZING THE COMMISSIONERS TO SET THEIR OWN REASONABLE SALARIES AND THE SALARY OF THE DIRECTOR AND OTHER EMPLOYEES; AUTHORIZING THE COMMISSION TO LICENSE AND REGULATE CHARITABLE BINGO BY CERTAIN NONPROFIT ENTITIES WITH NET RECEIPTS USED ONLY FOR CHARITABLE, RELIGIOUS AND PHILANTHROPIC PURPOSES AND REQUIRING IT TO OPERATE AND REGULATE ONE OR MORE STATEWIDE LOTTERY GAMES, AS DEFINED, THROUGH CONTRACTUALLY-AUTHORIZED LOTTERY GAME RETAILERS; AUTHORIZING THE COMMISSION TO CONDUCT AND REGULATE WAGERING GAMES, AS DEFINED, IN FACILITIES OWNED BY THE COMMISSION AND OPERATED BY THE COMMISSION OR THROUGH CONTRACTS WITH ONE OR MORE PERSONS; AUTHORIZING LODGING, RECREATIONAL AND ENTERTAINMENT FACILITIES IN CONJUNCTION WITH WAGERING FACILITIES AND AUTHORIZING THE SERVING OF ALCOHOLIC BEVERAGES AT ANY TIME IN WAGERING FACILITIES; REQUIRING THE COMMISSION TO COMPLY WITH ALCOHOLIC BEVERAGE LAWS NOT IN CONFLICT WITH THE AMENDMENT; RESTRICTING THE CONDUCTING OF WAGERING GAMES TO COUNTIES WHERE THE VOTERS HAVE APPROVED SUCH GAMES, EXCEPT THAT THE COMMISSION MAY AGREE TO LICENSE ANY THOROUGHBRED OR GREYHOUND RACING TRACK OWNER TO CONDUCT WAGERING GAMES WITHOUT LOCAL VOTER APPROVAL; AUTHORIZING SIMULCASTING OF RACES HELD AT THE TRACKS AT WAGERING FACILITIES OF THE COMMISSION OR ITS CONTRACTORS; DENYING THE COMMISSION THE AUTHORITY TO REGULATE PARIMUTUEL WAGERING AT THE TRACKS; PROVIDING THAT DISAPPROVAL OF WAGERING GAMES BY COUNTY VOTERS WILL NOT AFFECT PARIMUTUEL WAGERING BY HORSE RACING OR GREYHOUND TRACKS OR WAGERING AUTHORIZED BY OTHER LAW; REQUIRING THE COMMISSION TO ESTABLISH "WAGERING DISTRICTS" WHEN ONE OR MORE COUNTIES APPROVE WAGERING GAMES; PROVIDING FOR THE APPOINTMENT, BY THE COMMISSION, OF "WAGERING DISTRICT ADVISORY COMMITTEES" FOR EACH WAGERING DISTRICT; AUTHORIZING THE COMMISSION TO: 1) BORROW MONEY AND ISSUE NEGOTIABLE EVIDENCES OF DEBT, BUT PROVIDING THAT THE STATE, COMMISSIONERS AND ITS EMPLOYEES SHALL NOT BE LIABLE FOR SUCH DEBTS; 2) PLEDGE ITS REVENUES AND MORTGAGE ITS PROPERTY; 3) ACQUIRE PROPERTY BY EMINENT DOMAIN IN THE SAME MANNER AS EXERCISED BY THE GAME AND FISH COMMISSION; AND 4) RECEIVE FUNDS APPROPRIATED BY LAW; REQUIRING INCOME RECEIVED FROM LICENSURE OF CHARITABLE BINGO TO BE USED SOLELY FOR ADMINISTRATION OF THAT PROGRAM; REQUIRING RETENTION OF NET LOTTERY PROCEEDS BY THE COMMISSION TO SUPPORT ITS FUNCTIONS; REQUIRING THE DISTRIBUTION OF NET WAGERING PROCEEDS IN A WAGERING DISTRICT AS FOLLOWS: 1) FOURTEEN PERCENT (14%) TO THE COUNTIES, MUNICIPALITIES AND SCHOOL DISTRICTS IN THE WAGERING DISTRICT AS DETERMINED BY THE COMMISSION AFTER CONSIDERING THE PROPORTION OF REAL PROPERTY TAXES DISTRIBUTED BY EACH COUNTY TO THE TAXING ENTITIES DURING THE PREVIOUS CALENDAR YEAR; 2) SIX PERCENT (6%) FOR REBATES TO REAL PROPERTY OWNERS OF REAL PROPERTY TAXES PAID IN THE DISTRICT AS DETERMINED BY THE COMMISSION; 3) TEN PERCENT (10%) TO A TRUST FUND TO REIMBURSE RESIDENTS OF THE DISTRICT FOR A PORTION OF THEIR HEALTH INSURANCE PREMIUMS AS DETERMINED BY THE COMMISSION; AND 4) SEVENTY PERCENT (70%) RETAINED BY THE COMMISSION FOR OPERATIONS; AUTHORIZING THE GENERAL ASSEMBLY TO INCREASE THE PERCENTAGES DISTRIBUTED TO TAXING UNITS AND FOR TAX REBATES AND TO THEREBY REDUCE THE AMOUNT RETAINED BY THE COMMISSION; AUTHORIZING THE COMMISSION TO REMIT SURPLUS FUNDS TO THE STATE APPORTIONMENT FUND IN THE STATE TREASURY; PROVIDING THAT COMMISSION EXPENDITURES SHALL NOT BE SUBJECT TO APPROPRIATION BY THE GENERAL ASSEMBLY; LEGALIZING SHIPMENTS OF GAMBLING DEVICES INTO ARKANSAS FOR PURPOSES OF FEDERAL LAW; DENYING THE GENERAL ASSEMBLY AND POLITICAL SUBDIVISIONS REGULATORY AUTHORITY OVER THE COMMISSION OR ITS ACTIVITIES EXCEPT AS OTHERWISE STATED; AMENDING ARKANSAS CONSTITUTION ART. 19, SECTION 14 TO OBVIATE THE EXISTING PROHIBITION AGAINST LOTTERIES WHERE SUCH LOTTERIES ARE AUTHORIZED ELSEWHERE IN THE CONSTITUTION; MAKING THE AMENDMENT SEVERABLE, EFFECTIVE JANUARY 1, 2007 AND FOR OTHER PURPOSES.
The Attorney General is required, pursuant to A.C.A. § 7-9-107, to certify the popular name and ballot title of all proposed initiative and referendum acts or amendments before the petitions are circulated for signature. The law provides that the Attorney General may substitute and certify a more suitable and correct popular name and ballot title, if he can do so, or if the proposed popular name and ballot title are sufficiently misleading, may reject the entire petition.
A.C.A. § 7-9-107 neither requires nor authorizes this office to make legal determinations concerning the merits of the act or amendment, or concerning the likelihood that it will accomplish its stated objective. Consequently, this review has been limited to a determination, pursuant to the guidelines that have been set forth by the Arkansas Supreme Court, discussed below, of whether the proposed popular name and ballot title accurately and impartially summarize the provisions of your proposed amendment or act.
The purpose of my review and certification is to ensure that the popular name and ballot title honestly, intelligibly, and fairly set forth the purpose of the proposed amendment or act. See Arkansas Women's PoliticalCaucus v. Riviere, 282 Ark. 463, 466, 677 S.W.2d 846 (1984).
The popular name is primarily a useful legislative device. Pafford v.Hall, 217 Ark. 734, 233 S.W.2d 72 (1950). It need not contain detailed information or include exceptions that might be required of a ballot title, but it must not be misleading or give partisan coloring to the merit of the proposal. Chaney v. Bryant, 259 Ark. 294, 532 S.W.2d 741
(1976); Moore v. Hall, 229 Ark. 411, 316 S.W.2d 207 (1958). The popular name is to be considered together with the ballot title in determining the ballot title's sufficiency. Id.
The ballot title must include an impartial summary of the proposed amendment or act that will give the voter a fair understanding of the issues presented. Hoban v. Hall, 229 Ark. 416, 417, 316 S.W.2d 185
(1958); Becker v. Riviere, 270 Ark. 219, 223, 226, 604 S.W.2d 555
(1980). According to the court, if information omitted from the ballot title is an "essential fact which would give the voter serious ground for reflection, it must be disclosed." Bailey v. McCuen, 318 Ark. 277, 285,884 S.W.2d 938 (1994), citing Finn v. McCuen, 303 Ark. 418, 798 S.W.2d 34
(1990); Gaines v. McCuen, 296 Ark. 513, 758 S.W.2d 403 (1988); Hoban v.Hall, supra; and Walton v. McDonald, 192 Ark. 1155, 97 S.W.2d 81 (1936). At the same time, however, a ballot title must be brief and concise (see
A.C.A. § 7-9-107(b)); otherwise voters could run afoul of A.C.A. §7-5-522's five minute limit in voting booths when other voters are waiting in line. Bailey v. McCuen, supra. The ballot title is not required to be perfect, nor is it reasonable to expect the title to cover or anticipate every possible legal argument the proposed measure might evoke. Plugge v. McCuen, 310 Ark. 654, 841 S.W.2d 139 (1992). The title, however, must be free from any misleading tendency, whether by amplification, omission, or fallacy; it must not be tinged with partisan coloring. Id. A ballot title must convey an intelligible idea of the scope and significance of a proposed change in the law. Christian CivicAction Committee v. McCuen, 318 Ark. 241, 884 S.W.2d 605 (1994). It has been stated that the ballot title must be: 1) intelligible, 2) honest, and 3) impartial. Becker v. McCuen, 303 Ark. 482, 798 S.W.2d 71 (1990), citing Leigh v. Hall, 232 Ark. 558, 339 S.W.2d 104 (1960).
Applying the above precepts, it is my conclusion that the change you have made in your proposed measure has not affected the popular name and ballot title previously certified by this Office. Your proposed popular name and ballot title are acceptable and are therefore recertified as submitted.
Pursuant to A.C.A. § 7-9-108, instructions to canvassers and signers must precede every petition, informing them of the privileges granted by the Constitution and of the penalties imposed for violations of this act. Enclosed herewith, over the signature of the Attorney General, are instructions that should be incorporated in your petition prior to circulation.
Sincerely,
MIKE BEEBE Attorney General
MB/cyh